NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RISING UP GARDEN CENTER and DONALD GURAL,** | Civ. No. 2:16-2341 (WJM) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **ONLINE FREIGHT SERVICES, INC., JOHN DOE, MARY DOE, STEPHEN DOES (1 THROUGH 10), JANE DOES (1 THROUGH 10) fictitious names of persons or business entities who are presently known, or unknown to the Plaintiff, whose conduct may have contributed to Plaintiff's damages,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Rising Up Garden Center and Donald Gural allege that Online Freight Services, Inc., ("Online Freight") damaged an order of Christmas trees when delivering them from Oregon to New Jersey. This matter comes before the Court on Online Freight's unopposed motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be **GRANTED**.

### I.   BACKGROUND

The allegations in this case are straightforward. On November 11, 2016, Plaintiffs ordered Christmas trees from non-party Oregon Evergreen International. Complt. at ¶1. Plaintiffs enlisted Online Freight to deliver the trees from Oregon to New Jersey. *See id.* The bill of lading for the shipment indicated that the trees needed to be held at a temperature of 35 degrees Fahrenheit. *See id.* at ¶3. However, according to the complaint, Online Freight did not adhere to that requirement, which caused the trees to turn brown and have their needles fall off. *See id.* at ¶4. Moreover, the shipment was late; while Plaintiffs

expected the trees to arrive by November 20, 2014, they did not arrive until November 25, 2014.

Plaintiffs filed suit in state court, asserting claims for negligence, breach of contract, and breach of bailment.  Online Freight timely removed, arguing for federal jurisdiction on the grounds that Plaintiffs' state law claims are completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  *See* ECF No. 1.  Subsequently, Online Freight filed the instant motion to dismiss, which remains unopposed.  *See* ECF No. 3.

## II.   SUBJECT MATTER JURISDICTION

While Plaintiffs have not contested removal, the Court must make a *sua sponte* determination as to whether it has subject matter jurisdiction in this case.  *See, e.g., Golden ex rel. Golden v. Golden*, 382 F.3d 348, 354 (3d Cir. 2004) (federal courts are under "a continuing obligation to investigate their jurisdiction over matters before them."); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt…A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns.")  Online Freight argues for jurisdiction on the grounds that the Carmack Amendment completely preempts Plaintiffs' state law claims.   For the reasons explained below, the Court agrees and concludes that it possesses subject-matter jurisdiction over this action.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441(a). Where requirements under 28 U.S.C. § 1332 have not been met, as is the case here, an action is removable only where there is "federal question jurisdiction." *Id*. at 390. Federal question jurisdiction exists where an action "aris[es] under the Constitution, laws, or treatises of the United States." *See* 28 U.S.C. § 1331; *Gunn v. Minton*, —— U.S. ——, ——, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013).

The "well-pleaded complaint rule" governs the question of whether federal-question jurisdiction exists over an action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). It provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Under the rule, a plaintiff "is the master of the claim" and may exclusively rely on state law to avoid federal jurisdiction. *Id*. Complete preemption is a corollary to the well-pleaded complaint rule; it permits removal where the state law cause of action asserted by the plaintiff has been replaced by a federal cause of action. *Lehmann v. Brown*, 230 F.3d 916, 919–20 (7th Cir.2000).  "Complete preemption applies when the pre-emptive force of the [federal statutory provision] is so powerful as to displace entirely any state cause of action [addressed by the federal statute]." *Dukes v. U.S.*

*Healthcare, Inc.*, 57 F.3d 350, 354 (1995) (citations and quotations omitted).  Because it represents an "extraordinary preemptive power," *Taylor*, 481 U.S. at 65, complete preemption is "quite rare." *Johnson v. MRA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir.2012).

The Third Circuit has yet to address the question of whether the Carmack Amendment has complete preemptive effect.[1]  Other circuit courts, however, have answered that question in the affirmative.  For example, the Ninth Circuit has held that the Carmack Amendment "is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property."  *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (citing *Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 195 (1916)).  Because the Carmack Amendment provides "a uniform national liability policy for interstate carriers," the circuit court held, it completely preempts a claim against an interstate carrier alleging loss or damage to property.  *See id.* (citing *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992)).  The Fifth Circuit reached the same conclusion in *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).  In doing so, the court determined that "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Id.* (emphasis in original).  Moreover, at least one other judge in the District of New Jersey has concluded that the Carmack Amendment will completely preempt certain state law claims.  *See Louisiana Transp. V. Cowan Sys.*, LLC, Civ. No. 11-3435, 2012 WL 1664120, *4 (D.N.J. May 10, 2012).

The Court agrees with the decisions cited above.  The Carmack Amendment provides the exclusive remedy for claims that seek damages arising out of the interstate transportation of goods by a common carrier.  Therefore, while Plaintiffs may have asserted state law claims in their complaint, their suit "is purely a creature of federal law" such that the state law claims are transformed into federal claims under the Carmack Amendment. *See Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22 (1983) (completely preempted claims are displaced by the federal statute).  Because Plaintiffs' claims arise under federal law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

---

[1] The Third Circuit has held that the Carmack Amendment may defeat state law claims on a motion to dismiss under the doctrine of "ordinary" or "conflict" preemption. *See, e.g., Certain Underwriters at Interest at Lloyds of London v. United Parcel Service of America*, 762 F.3d 332 (3d Cir. 2014).  That is not the same thing, however, as holding that the Carmack Amendment has a preemptive force so strong that it transforms a state law claim into a federal one, thereby providing a basis for federal question jurisdiction. *See Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("[C]onflict [also known as defensive] preemption does not establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a defense to a state action.")

[2] Because Plaintiffs seek $15,000 in damages, this case meets the relevant amount-in-controversy requirement. *See* 28 U.S.C. § 1445(b).

## III.   MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

Online Freight appears to argue that because Plaintiffs' claims are subject to complete preemption, it necessarily follows that the complaint must also be dismissed.  That position, however, misunderstands the application of the complete preemption doctrine.  As explained earlier, conflict preemption and complete preemption are two different things.  *See, e.g., Farina v. Nokia, Inc.*, 625 F.3d 97, 117 n. 21 (3d Cir. 2010).  The former exists a federal defense that, when successful, will result in the dismissal of the state law claim.  *See Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 n. 3 (3d Cir. 1990).  When the latter is successfully invoked, it will transform the state claim into a federal cause of action, thereby creating a basis for federal jurisdiction.  *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (complete preemption converts a state law claim into a federal one).  *See also Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (complete preemption doctrine "convert[s] complaints purportedly based on the preempted state law into complaints stating federal claims from their inception.")  Therefore, where complete preemption applies, the only inevitable consequence is that federal question jurisdiction will exist.  The claim will be subject to dismissal only if the allegations in the complaint are insufficient to make out the relevant federal cause of action.[3]  *See, e.g., Darcangelo v.*

---

[3] As one other district court judge noted:

Having removed the case to this Court, however, Defendant…cannot have its cake and eat it too.

*Verizon Commc'ns*, 292 F.3d 181, 195 (4th Cir. 2002) ("[W]hen a claim under state law is completely preempted and is removed to federal court…the federal court should not dismiss the claim as preempted, but should treat it as a federal claim….")   Therefore, the proper approach in this case is to treat Plaintiffs' complaint as asserting claims under the Carmack Amendment, and then determine whether Plaintiffs have stated a claim upon which relief can be granted.

To make out a claim under the Carmack Amendment, a plaintiff must prove the following three elements: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages."   *Conair Corp. v. Old Dominion Freight Line, Inc.*, 22 F.3d 529, 531 (3d Cir. 1994) (citing 49 U.S.C. § 11707(a)(1)).   Here, Plaintiffs have set forth no allegations indicating that the Online Freight received the trees in good condition.   From the substance of the complaint, nothing prevents this Court from inferring that once Online Freight received the trees, they were already damaged.   Moreover, Plaintiffs' complaint seeks punitive damages, which are not available under the Carmack Amendment.   *See, e.g., Tirgan v. Roadway Package Sys., Inc.*, Civ. No. 94-2768, 1995 WL 21098, *4 (D.N.J. Jan. 3, 1995).

The Court will therefore **GRANT** Online Freight's motion to dismiss.   Plaintiffs' complaint will be **DISMISSED WITHOUT PREJUDICE**.   If Plaintiffs wish to file an amended complaint under the Carmack Amendment, they must do so within thirty days.

## IV.   CONCLUSION

For the reasons that follow, the motion to dismiss is **GRANTED**.   Plaintiffs' complaint is **DISMIEED WITHOUT PREJUDICE**.   Plaintiffs will be given thirty days to file an amended complaint.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  June 29, 2016**

---

This Court has subject matter jurisdiction because the [federal statute] converts state claims into federal causes of action…It would be anomalous indeed to permit a defendant to both remove a case to federal court because the state law cause of action has been converted into a federal claim and then have it dismissed because the area of law into which the plaintiff's claims fall have been preempted by federal law.  One or the other result is perfectly reasonable, and in fact required by the precedent.  Both at once, however, would defy both logic and equity.

*Lafayette v. Cobb*, 385 F.Supp.2d 1152, 1160 (D.N.M. 2004) (citations omitted).